Filed 1/14/21  P. v. Massett CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONNIE J. MASSETT,<br><br>    Defendant and Appellant. | D077696<br><br><br>(Super. Ct. No. SCN337293) |


APPEAL from an order of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from the denial of a petition for resentencing under Penal Code,[1] section 1170.95. Appellant had previously pleaded guilty to voluntary manslaughter but sought the same relief as might be available had he pleaded guilty to murder. The trial court dismissed the petition because the statute applies only to first or second degree murder.

We will agree with the trial court and the many decisions of the courts of appeal that have unanimously rejected each of the arguments advanced in this appeal.

## PROCEDURAL BACKGROUND[2]

In 2016, Donnie Massett pleaded guilty to voluntary manslaughter (§ 192, subd. (a)) as a lesser included offense of murder and admitted the offense was committed in association with a criminal street gang (§ 186.22, subd. (b)(1)(c)). He was sentenced to a determinate term of 16 years in prison.

In 2019, Massett filed a petition for resentencing under section 1170.95. In his petition, Massett argued the statute, which does not mention manslaughter, still applies to that offense. To read it otherwise he argues would lead to an absurd result, fail to resolve an ambiguity in his favor, and lead to a denial of equal protection.

The trial court, relying on an unbroken string of appellate opinions which reject Massett's arguments, denied the petition.

Massett filed a timely notice of appeal.

---

[1]    All further statutory references are to the Penal Code.

[2]    The issue presented here is a pure question of law. Therefore, we have omitted a statement of facts.

DISCUSSION

Massett contends the statute applies to manslaughter as well as to murder. Section 1170.95 provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.

"(b)
"(1) The petition shall be filed with the court that sentenced the petitioner and served by the petitioner on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted. If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition. The petition shall include all of the following:

"(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a).

3

"(B)  The superior court case number and year of the petitioner's conviction.

"(C)  Whether the petitioner requests the appointment of counsel.

"(2)  If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information.

"(c)  The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.

"(d)
    "(1)  Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. This deadline may be extended for good cause.

    "(2)  The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing. If there

4

was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.

"(3)  At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.

"(e)  If petitioner is entitled to relief pursuant to this section, murder was charged generically, and the target offense was not charged, the petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes. Any applicable statute of limitations shall not be a bar to the court's redesignation of the offense for this purpose.

"(f)  This section does not diminish or abrogate any rights or remedies otherwise available to the petitioner.

"(g)  A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence."

Massett argues it would be absurd and a denial of equal protection to apply the statute to only persons convicted of murder, notwithstanding the plain language of the statute.  He further argues the statute is ambiguous because one who pleads guilty to avoid trial on an impermissible application of natural and probable consequences can take the benefit of the new remedy.

5

He ignores that the statute declares it applies to people convicted of murder and not lesser or related offenses.

Massett argues all of the Court of Appeal decisions rejecting his arguments were wrongly decided. Specifically, he criticizes the following cases: 1) *People v. Cervantes* (2020) 44 Cal.App.5th 884 [Second Appellate District, Division Six], review denied April 15, 2020; 2) *People v. Flores* (2020) 44 Cal.App.5th 985 [Fourth Appellate District, Division One], review denied April 29, 2020; 3) *People v. Turner* (2020) 45 Cal.App.5th 428 (*Turner*) [Fourth Appellate District, Division One], review denied May 13, 2020; 4) *People v. Sanchez* (2020) 48 Cal.App.5th 914 [Fourth Appellate District, Division Two], review denied July 15, 2020; and 5) *People v. Paige* (2020) 51 Cal.App.5th 194 [First Appellate District, Division Two], review denied September 9, 2020.

There is no contrary authority.

Massett contends each case is wrongly decided on each issue he raised. We strongly disagree.

While we could revisit all the contentions at length in order to contribute this court's analysis of these issues, such analysis has already occurred. Our opinion in *Turner* discussed each of the legal issues presented here and soundly rejected them. Nothing new has been presented here, and this court has not changed its views since the opinion was filed. We further note that in all five of the opinions challenged here, our high court has denied review. Although denial of review does not express the high court's views, it is an indication the court has not yet identified a possible error of law that might need correction.

Thus, in the interests of judicial economy and in light of the unbroken line of appellate rejections of the identical legal issues, we again reject the arguments presented here for the reasons expressed at length in our *Turner* opinion.

## DISPOSITION

The order denying Massett's petition under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.